## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

H. P. Reynolds, Inc.

v.

Rish Equipment Co.

March 4, 1971

Case No. (Chancery) 7515

By JUDGE EDWARD L. RYAN, JR.

In its bill of complaint plaintiff alleges that it agreed to purchase a Drott crane from the defendant at a price of $20,000; that under the agreement the defendant agreed to take in trade thereon plaintiff's Case Bulldozer and a 450 Loader, allowing a trade in credit on the crane purchase price in the sum of $10,000; that pursuant to the agreement the physical possession of the equipment was transferred between the parties; and that defendant "now refuses to honor said agreement and refuses to give your complainant a credit of $10,000 on the purchase price of $20,000 for the Drott Crane." The plaintiff prays the court to decree that defendant specifically perform its agreement and render a credit of $10,000 towards the purchase price of said crane. (At this writing no moneys have passed between the parties.)

Defendant demurs to the complaint saying it is not sufficient in law, but without stating the grounds of the demurrer. However, on oral argument counsel for defendant bottoms the demurrer on the ground that specific performance cannot be granted in matters involving personalty. (Counsel agree that the equipment involved is not subject to any motor vehicle title or registration laws.) Plaintiff disputes defendant's argument and answers that, in any event, the part performance of the transaction constitutes an exception to the principle that specific

performance cannot be decreed under the circumstances outlined above.

Under the peculiar circumstances of this case the court concludes that the defendant's demurrer should be overruled.

> While the doctrine is well established that a court of equity will not, in general, decree the specific performance of contracts relating to chattels, yet it will do so where the remedy at law is inadequate to meet *all the requirements of a given case*, and to do *complete justice* between the parties. *Stuart* v. *Pennis*, 91 Va. 688, 692, 22 S.E. 509, 510. (Italics added.)

In this case the agreement was reached on April 13, 1970; the properties in question were thereupon physically exchanged between the parties; and it appears that the documentary articles of title or ownership must be exchanged between the parties (or so decreed by the court). At law, it would seem that complainant would not have an adequate remedy because of its inability to prove adequate compensation, arising out of the speculative and conjectural nature of any "trade-in deal," involving *special equipment* exchanged between the parties, after a lapse of time, attended by changes or differentiations in fair market values. 152 A.L.R. 32, 35 (citing Va. and W.Va. cases). 17 M.J., *Specific Performance*, sect. 5. Also, any remedy at law would be wholly inadequate or impracticable. 17 M. J., *Specific Performance*, § 63.

In addition, in *Thompson* v. *Commonwealth*, 197 Va. 208, 89 S.E.2d 64 (1955), commented on in 13 W. & L. Law Rev., the Virginia court, in commenting on the general principle denying specific performance in matters involving personalty, states the following:

> Indeed, "*The modern disposition is to be less technical in the application of this principle, and where a special need on the part of the plaintiff, and at least a temporary monopoly on the part of the defendant*, justify its application, the remedy is allowed for breach of contracts for the sale of personal property

for which damages might otherwise be adequate."
(Emphasis added.) (Here the court cites numerous
and respected jurisdictions and authorities.)

See also for exceptions to the general rule: 49 Am. Jur., *Specific Performance*, § 126, 81 C.J.S., *Specific Performance*, § 66.

Counsel for plaintiff may present an order for entry overruling the demurrer and preserving unto defendant its exceptions.